IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

---

CORINTH GAS & WATER                                                    PLAINTIFF

v.                                                  Civil Action No. 1:26CV25-GHD-DAS

3M COMPANY; et al.                                                    DEFENDANTS

---

## ORDER GRANTING MOTION TO STAY

Presently before the Court is the Defendant 3M Company's Motion to Stay Pending Ruling on Motion to Transfer to the *In re AFFF* MDL [Doc. No. 12].[1] Upon due consideration, the Court finds that the motion should be granted.

The Plaintiff alleges in its complaint, which was originally filed in the Circuit Court of Tishomingo County, that its drinking water supply has been contaminated by per- and polyfluoroalkyl substances (PFAS) discharged by manufacturing facilities located in and around Decatur, Alabama [2, at 3]. The Defendant 3M removed the case [1] to this Court pursuant to 28 U.S.C. § 1442(a)(1).

The Defendants and other manufacturers, their suppliers, and other defendants face numerous product liability actions alleging harms from PFAS and AFFF. Thousands of these cases are proceeding in a multi-district litigation proceeding ("MDL") in the District of South Carolina, *In re Aqueous Film-Forming Foams Products Liability Litigation* (MDL No. 2873). Indeed, the Plaintiff is not alone in challenging harms allegedly caused by PFAS contamination from the Defendants' Decatur, Alabama facilities - the JPML has repeatedly transferred similar

---

[1] On March 17, 2026, the United States Judicial Panel on Multidistrict Litigation ("JPML") entered a Conditional Transfer Order conditionally assigning this matter to MDL No. 2873 (In re: Aqueous Film-Forming Foams Products Liability Litigation), currently pending in the District of South Carolina. *See* MDL No. 2873, 2:18-mn-2873 (J.P.M.L.).

municipal cases to the MDL, including cases involving counsel for the Plaintiff in this case. See, e.g., *City of Muscle Shoals v. 3M Company, Inc.*, No. 3:24-01062 (N.D. Ala.) (Transfer Order No. 3166, J.P.M.L., Dec. 12, 2024); *Colbert County, Alabama v. 3M Company, Inc.*, No. 3:24-01063 (N.D. Ala.) (Transfer Order No. 3166, J.P.M.L., Dec. 12, 2024).

The JPML established the AFFF MDL in December 2018 to coordinate pretrial proceedings in all then-pending and subsequently filed cases in the federal courts involving allegations of personal injury, property damage, or other harms caused by AFFF and PFAS. *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391 (J.P.M.L. 2018). Since this MDL was instituted, the MDL court has ruled on various common issues, including several motions to remand.

On March 17, 2026, the JPML entered a Conditional Transfer Order conditionally assigning this matter to MDL No. 2873. *See* MDL No. 2873, 2:18-mn-2873 (J.P.M.L.). The Plaintiff has objected to the conditional transfer order; this objection to transfer will be resolved by the JPML. [Doc. 4213, MDL No. 2873].

Defendant 3M, which removed this case, now requests a temporary stay of all proceedings in this matter, pending the JPML's ruling on transfer of this case to the MDL pending in the District of South Carolina.

It is axiomatic that "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L.Ed.2d 945 (1997 (internal citation omitted); see also *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

The Manual for Complex Litigation instructs that it is often advisable to stay litigation in order to defer to the MDL court for resolution of certain matters, or until the Panel has the

opportunity to rule on the issue of transfer. See *Tibbetts v. 3M Co.*, No. 21-2400, 2022 WL 252685, at *2 (E.D. La. Jan. 27, 2022). This deference to the MDL court promotes "uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system." *Id.*

A stay is warranted here, the Defendant argues, because the JPML will likely order transfer of this case given that similar cases involving PFAS contamination allegations from the same Decatur, Alabama, facility have been transferred. The Defendant further argues that if this case is transferred to the MDL, the transferee court can address any jurisdictional issues the Plaintiff raises; conversely, if the JPML denies transfer, this Court can then take up these issues.

The Court agrees with the Defendant. As was the case in similar prior cases pending in other courts awaiting final transfer decisions by the MDL Panel, the Court is persuaded that the balance of interests strongly favors a stay: the stay is likely to be relatively brief; a stay will not prejudice the Plaintiff, despite its allegation of prejudice due to awaiting a ruling from the Panel on its challenge to the conditional transfer order and on its motion to remand; a stay will avoid prejudice to the Defendants caused by repetitive briefing of the same issues; and a stay will conserve judicial resources and ensure consistent rulings on common issues -- issues that have been and are being resolved by the MDL Panel and transferee court.

Because the balance of factors favor a stay of this case pending the Panel's determination as to whether this case should be finally transferred to the MDL for coordinated pretrial proceedings, the Court shall grant the Defendant 3M's motion to stay proceedings pending transfer to the MDL. This matter is hereby stayed pending the MDL Panel's determination regarding transfer.

THEREFORE, it is HEREBY ORDERED that the Defendant 3M's motion to stay these proceedings pending a decision on Transfer by the Judicial Panel on Multidistrict Litigation [12] is GRANTED, and the proceedings in the case *sub judice* are hereby STAYED in their entirety.

SO ORDERED, THIS the 2nd day of April 2026.

_____
SENIOR U.S. DISTRICT JUDGE